[19108. Department Two.—March 28, 1893.]

ALPHENS BULL, JR., ET AL., APPELLANTS, *v.* HATTIE STRONG, RESPONDENT.

FORECLOSURE OF MORTGAGE—DEED OF WIFE'S SEPARATE PROPERTY—DEFEASANCE NOT DELIVERED—REPAYMENT OF ADVANCES TO HUSBAND—WIFE'S DEFENSE TO ACTION.—Where the complaint in an action to foreclose a mortgage alleged that the instrument sought to be foreclosed was in terms a deed executed and delivered by a husband and wife of her separate property, but that it was given and intended as a mortgage, and that at the time of its delivery the plaintiff executed and delivered to the defendants, husband and wife, a defeasance declaring that the deed was delivered in trust as security for the repayment of money advanced and to be advanced by the plaintiff for the development of the husband's interest in a certain mine, but the answer denied that said defeasance was delivered to either of the defendants, and the separate answer of the wife denied that the deed was given for the purpose therein stated, and alleged that plaintiff had been repaid for any advances made to her husband out of the proceeds of his mine, and the evidence given at the trial was sufficient to sustain findings in favor of the wife upon those issues, the action having been dismissed as to the administrator of the husband, a judgment in her favor is supported by the findings and evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Monroe & Lee,* for Appellant.

*Stephen M. White, John D. Bicknell,* and *Chapman & Hendrick,* for Respondent.

McFARLAND, J.—This action was originally commenced by Alpheus Bull, now deceased, against John T. Coe, administrator of Charles L. Strong, deceased, and his widow, Hattie W. Strong, to foreclose a mortgage executed to said Bull by said Charles and Hattie Strong upon land admitted to have

been the separate property of said Hattie. Judgment was first rendered in favor of the defendants; and upon appeal to this court the judgment was reversed, and a new trial ordered. (See *Bull* v. *Coe*, 77 Cal. 54; 11 Am. St. Rep. 235.) After the return of the remittitur the pleadings were amended several times; and the action was prosecuted by the administrators of Alpheus Bull against Hattie W. Strong, alone — it having been dismissed by the plaintiffs as to the administrator of said Charles L. Strong. Judgment was again rendered in favor of the defendant, Hattie W. Strong, and plaintiff appeals from the judgment and from an order denying a new trial.

It is averred in the complaint that on October 31, 1882, the said Charles L. Strong, since deceased, and his wife, the said Hattie W. Strong, duly executed to said Bull, deceased, a deed which conveyed to said Bull the land in contest, which provided, however, that the said land "is herein made over to the party of the second part in trust, the conditions of which are stated in a separate instrument in the hands of the parties of the first part."

It is averred in the complaint that this deed was given and intended as a mortgage to secure certain moneys advanced or to be advanced by said Bull to said Charles L. Strong; that this deed was delivered the next day, November 1st, by said Charles to said Bull; and that at the time of its delivery the said Bull executed and delivered to said Charles and Hattie Strong an agreement in writing dated November 1, 1882, and which is called generally the "defeasance." This defeasance refers to said deed of October 31st, and declares that it was given in trust to secure the payment, with interest at nine per cent, of all moneys advanced or to be advanced by Bull in payment of said Charles L. Strong's one-third interest in the Belmont mine, as well as for the expense of working said mine — the amount not to exceed eleven thousand dollars. It also provided that the profits of said mine should be applied in payment of the money thus advanced; and that if such profits should not be sufficient to pay said advances, then said Bull should have the right to sell such portion of the land as should be necessary to meet the deficiency. There is a rather obscure provision about "twelve months from the date of this instrument," and there are some

other provisions not necessary to be here stated. The answer denies that said defeasance was delivered either to said Charles or to said Hattie Strong at the time alleged in the complaint, or at any time. Said defendant, Hattie Strong, also denies in her answer that said deed was delivered to said Bull for any such purpose as that stated in the defeasance; and she avers that the deed was given only for the purpose of raising some money, if it should become necessary, not exceeding three thousand dollars, to pay her expenses for a trip East, to be treated for her ill-health, and for certain family expenses. She also denies that any money was advanced by Bull on said deed; and furthermore, that the profits, sale, etc., of said mine, all of which were received and controlled by said Bull, more than repaid him for any advances which he may have made for her said husband in the business of said mine. Many other issues were made by the pleadings, but they are not necessary to be here noticed.

Evidence was introduced at the trial as to a great many matters, and the findings are very full and quite lenghty; but the court finds, among other things, that the said defeasance "was never delivered to the said C. L. Strong in his lifetime, nor was it drawn up in the presence of said Strong, nor was any such contract as set forth in said defeasance ever made between said Alpheus Bull and the said C. L. Strong"; and that said defendant, Hattie Strong, knew nothing of said alleged defeasance until long after the death of her husband. We have carefully examined the long transcript and the exhaustive briefs of counsel; and we are satisfied that the court was warranted in making said findings. This being so, the judgment must be affirmed without reference to the many other points which arose in the case. We may say, however, that we see no material error in the rulings of the court upon the admissibility of evidence. As the appellants rely in their complaint upon the terms of the written defeasance, they could hardly recover upon any other theory; but as to the said statement of respondent that the deed was given to secure advances, if such should be found necessary, not to exceed three thousand dollars, for her trip East, family expenses, etc., the court finds that if any moneys were advanced by Bull for such purpose they had been

fully paid, and we cannot say that such finding was not warranted by the evidence.

The judgment and order are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.'