[Civ. No. 129.   Second Appellate District.—January 3, 1906.]

## ESCONDIDO LUMBER, HAY AND GRAIN COMPANY, Respondent, v. H. J. BALDWIN, Appellant.

School District—Contract for Schoolhouse—Purchase of Materials of Corporation in Which Trustee is Interested.—The mere fact that a contractor, who had erected a schoolhouse for a school district in pursuance of a contract otherwise valid, after he had secured the contract, and without any previous arrangement or agreement therefor, purchased part of the materials used in the construction of the building from a corporation of which one of the school trustees was a stockholder and general manager, does not render such contract invalid because in violation of section 1876 of the Political Code, prohibiting a school trustee from being interested in any contract made by the board of trustees of which he is a member; and such corporation, as the assignee of the contractor, may maintain a proceeding in *mandamus* against the county superintendent of schools to compel him to draw requisitions on the county auditor for the amount of the contract price.

Id.—Orders in Due Form—Evidence—Finding.—In such proceeding, where the complaint alleges that the orders drawn by the trustee for the contract price were "in due form," and such allegation was admitted, no proof or findings in that regard were necessary.

ID.—EVIDENCE WITHOUT PREJUDICE.—The admission in such proceeding of evidence of the remoteness of other lumber-yards from the place of the construction of the building was without prejudice.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Casius Carter, District Attorney, W. R. Andrews, Deputy District Attorney, and F. P. Willard, for Appellant.

W. H. Francis, and Haines & Haines, for Respondent.

ALLEN, J.—Petition for writ of mandate.   Findings and judgment in favor of petitioner, from which the respondent to the writ appeals.

From the record it appears that G. V. Thomas was on July 12, 1904, one of the trustees of the Escondido school district, and at the same time was a stockholder in and director and general manager of the plaintiff corporation; that on said date the school district entered into a contract with one S. M. Stewart to construct a schoolhouse for the sum of $750; that Stewart was at the time solvent and with means to pay for the materials necessary for use in such house otherwise than from money to arise upon such contract; that when said contract was entered into no agreement, express or implied, existed between Stewart and said trustees, or either of them, with reference to the furnishing of the materials, or any portion of them, necessary for use in such construction; that after the execution of such contract, Stewart purchased from plaintiff corporation certain of the lumber used in said building, and said Thomas knew of its intended use when delivered.   The schoolhouse was regularly and properly constructed, and by said trustees accepted; and orders were drawn in due form of law on Hugh J. Baldwin, the county superintendent of schools, for the amount of the contract price and certain extras furnished by Stewart; that said orders were assigned by the contractor to one Francis, acting as attorney for plaintiff, who, before the bringing of this proceeding, assigned the same to plaintiff; that such orders were presented to the superintendent of schools of San Diego county, who refused to draw

requisitions on the county auditor therefor; that sufficient funds were on hand in the county treasury to the credit of the school district from which said orders could be paid.

The refusal of the school superintendent to draw such requisitions is based on the proposition that the contract was void because in violation of section 1876 of the Political Code, which reads: "No school trustee or member of any board of education must be interested in any contract made by the board of which he is a member; and any contract made in violation of this provision is void." This contention is untenable. The contract was valid under the findings of the court when executed. The mere fact that the contractor, without previous arrangement or agreement, saw fit to buy of a corporation for which one of the trustees was an agent certain materials used in the construction of the house would not render the contract void, voidable, or ordinarily subject it to merited criticism. The only possible conflicting interest which could in any sense be said to exist, whereby the trustees' act could be influenced, would be in connection with the acceptance of the building when completed. But it is not pretended or claimed that the building was not properly constructed, from which the formal acceptance would be imperative. It must be borne in mind that the plaintiff corporation had no particular interest in the acceptance of the house. It had a claim against a solvent purchaser of the lumber. It was not necessary for it even to serve the statutory notices which are said to amount to, an equitable garnishment under the lien law. We are unable to perceive even a slight interest on the part of a stockholder of plaintiff corporation, as was the case in *Wickersham* v. *Crittenden*, 93 Cal. 29, [28 Pac. 788]. The supreme court of the United States in *Bank* v. *Owens*, 2 Pet. 529, has said that "no court of justice can in its nature be the handmaid of iniquity." That office would be performed were the court, under the circumstances of this case, to refuse its aid in enforcing the demands of a "laborer worthy of his hire" against a public corporation, which has received all to which it was entitled, and which seeks to avoid the payment of an honest obligation on account of a mere surmise that the possibility of profit from a subsequent independent contract had an influence upon the minds of the officials connected with the execution of the original contract. "A bare

suspicion that under the stimulus of such a contract a party might do some prohibited act would not be sufficient to justify a court in declaring it void. There must be something in it to indicate that its natural tendency would be to produce such an effect.'' (*Casserleigh* v. *Wood,* 14 Colo. App. 265, [59 Pac. 1028].).

It is unnecessary to notice the specifications in reference to the form of the account for which the orders were drawn. The complaint alleges that these orders were in due form, which is not controverted by the answer. Proofs or findings in that regard were unnecessary. Nor was there any prejudicial error in permitting proof as to the locality of the nearest lumber-yard to Escondido. The contractor having a right to purchase his materials in the open market, and the contract being free from vice, we are unable to see wherein appellant was in anywise prejudiced by proof of the remoteness of other lumber-yards from the place of the construction.

We find no error in the record, and the judgment is affirmed.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1906.