[No. 2054]

## W. D. WORRELL, RESPONDENT, v. A. W. JURDEN, APPELLANT.

1. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL TRUSTEE—CONTRACTS—INTEREST.

Stats. 1907, c. 182, provide that no school trustee shall be pecuniarily interested in any contract made by the board of trustees of which he is a member. *Held,* that where plaintiff, a school trustee, had no pecuniary interest or understanding with defendant at the time defendant's bid for the construction of a schoolhouse was accepted by the board, the fact that plaintiff was a trustee did not deprive him of the right to lawfully contract thereafter to furnish defendant materials to be used in the performance of his contract, nor afford defendant a defense to an action for the price.

2. SCHOOLS AND SCHOOL DISTRICTS—SCHOOLHOUSES—CONSTRUCTION—FURNISHING MATERIAL—INTEREST OF TRUSTEE.

Where defendant, after obtaining a contract to build a schoolhouse, obtained labor and materials from plaintiff, who was one of the trustees, defendant could not successfully claim that the contract was valid as between himself and the school district and invalid as between himself and the trustee, under Stats. 1907, c. 182, providing that no trustee shall be pecuniarily interested in any contract made by the board of which he is a member.

APPEAL from the Fourth Judicial District Court, Clark County; *E. J. L. Taber*, Judge.

Action by W. D. Worrell against A. W. Jurden. From a judgment for plaintiff, defendant appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Stevens & Van Pelt,* for Appellant:

In the absence of an express enactment of the legislature, the rule of the common law is that any contract entered into by a public officer which places him or

may place him in a position where his personal interests are, or may be, adverse to and inconsistent with his duties to the public as such public officer, is void and unenforceable as against public policy.

When the states through their legislature enact statutes similar to section 37 of the said act of the legislature of the State of Nevada, they do nothing more than to express in a solemn enactment the well-established injunction and rule of the common law as it existed prior to the enactment. (*Noble* v. *Davison*, 96 N. E. 325; *Bellaire Goblet Co.* v. *The City of Findlay and the Board of Trustees*, 5 Ohio Cir. Ct. 418; *San Diego* v. *S. D. L. A. R. R. Co.*, 44 Cal. 106; *McManus* v. *Scheele*, 116 La. 71, 40 South. 535; *Robinson* v. *Patterson*, 71 Mich. 141; *Foster* v. *Cape May*, 60 N. J. L. 78; *Knippa* v. *Stewart Iron Works*, 66 S. W. 322; *O'Neil* v. *Flannagan*, 98 Me. 426, 57 Atl. 591; *Dalzell* v. *City of Findlay*, 5 Ohio Cir. Ct. 435; *Doll* v. *State*, 45 Ohio St. 445; *Smith* v. *City of Albany*, 61 N. Y. 444; 28 Cyc. 650; 35 Cyc. 954; 9 Cyc. 481; McQuillin, Mun. Corp. vol. 2, sec. 513; Dillon, Mun. Corp. 5th ed. sec. 773, vol. 2.)

Any direct or indirect interest in the subject-matter of a public contract is sufficient to taint the contract of the officer with illegality, if the interest be such as to affect the judgment and conduct of the officer either in the making of the contract or in its performance, providing that the interest of the officer is of a pecuniary interest. Pecuniary interest is any interest by which a person will gain or lose something in contradistinction to general sympathy, feeling, or bias. (Dillon, Mun. Corp. 5th ed. vol. 2, secs. 773, 1145-6; *Nuckols* v. *Lyle*, 8 Idaho, 589, 70 Pac. 401; *Texas Anchor Fence Co.* v. *City of Antonio*, 30 Tex. Civ. App. 561; *Bell* v. *Quin*, 2 Sandf. 146; *Gregory* v. *Jersey City*, 34 N. J. L. 390; *Hunnings* v. *Williamson*, 11 Q. B. D. 533; *Jacques* v. *City of Louisville*, 106 S. W. 308; *Northport* v. *Northport Townsite Co.*, 27 Wash. 543, 68 Pac. 204.)

The case of *Escondido Lumber Company* v. *Baldwin*, 2 Cal. App. 606, 84 Pac. 284, was the sole authority which influenced the trial court in the case at bar to render

judgment against the appellant. The facts of this case are materially different from the facts in the case at bar. In the Escondido case the plaintiff was a corporation, which corporation was suing upon an implied contract for materials furnished to the general contractor, and the school trustee was a stockholder in said corporation. In the case at bar the respondent is an individual suing the general contractor, first, upon an implied contract for materials, work and labor, and, secondly, upon an express contract. However, the Escondido case was not well considered, is bad law, and is not founded upon the principles of law applicable to the facts established in the case at bar. A careful consideration of the Escondido case discloses the fact that the court absolutely ignored the controlling principle announced in the majority of all the cases in point, not only of other jurisdictions, but of the State of California itself. (*Finch* v. *Riverside and Arlington Ry. Co.*, 87 Cal. 597, 25 Pac. 765; *Santa Ana Water Co.* v. *Town of San Buena Ventura*, 65 Fed. 323; *Sims* v. *Petaluma Gas L. Co.*, 131 Cal. 656; *McGinn* v. *Willey*, 6 Cal. App. 111; *Butler* v. *Agnew*, 9 Cal. App. 327; *Spence* v. *Harvey*, 22 Cal. 336; *Capital Gas Co.* v. *Young*, 109 Cal. 140; *Capron* v. *Hitchcock*, 98 Cal. 427; *Shakespeare* v. *Smith*, 77 Cal. 638; *Tracy* v. *Colby*, 55 Cal. 67; *Berka* v. *Woodward*, 125 Cal. 119.)

*F. R. McNamee*, for Respondent:

In determining whether these contracts fall under the ban of this statute the facts in evidence must be measured by the provisions of the statute itself. At the outset we concede that had the respondent entered into the contracts, not with appellant, but with the board of trustees, or had respondent entered into the contract with appellant prior to the execution of the latter's contract with the board, or had respondent been a partner with appellant at the time appellant entered into his contract with the board, or had respondent been an officer in a corporation which entered into a contract with the board of school trustees, a different case would be presented. We might concede still further that if the work

done and labor performed by respondent for appellant were under a contract in any manner contingent upon appellant's contract with the board of trustees, a nice question might then arise. We might also concede that if the contracts of respondent with appellant hinged at all upon the acceptance of the building or the payment of the contract price by the board of trustees, a still more delicate question would confront us.

It will be observed, as we review the authorities cited by appellant and the facts of those cases, that in making the foregoing concessions we have negatived every decision cited by counsel for appellant as an authority in the case at bar. Appellant's authorities are all distinguishable from the case at bar either because the facts differ widely from the facts in the case at bar, or because the provisions of the statute take a wider scope than the statute here under consideration.

All the research by counsel and by court has discovered in all the books but one case where the facts and the statute both are almost parallel with the statute and facts at bar. It is the case of *Escondido Lumber Co.* v. *Baldwin*, 2 Cal. App. 606, 84 Pac. 284.

We have had the privilege of examining the original papers in the Escondido case, including the transcript of testimony, the briefs of opposing counsel, the petition for rehearing, the answer thereto, and the decisions thereon, and we confess our admiration of the painstaking consideration displayed therein by court and counsel. Every California case referred to by counsel for appellant here, and averred to be opposed to the law of the Escondido case, was reviewed at great length in the briefs of counsel in that case.

Respondent's contracts with appellant are not void because contrary to the public policy of the State of Nevada. (*Richardson* v. *Millish*, 2 Bing. 299, 9 Eng. Com. Law, 557; 2 Beach on Modern Law of Contracts, 1498; *Barret* v. *Carden*, 65 Vt. 431; *Richmond* v. *Dubuque Ry. Co.*, 26 Iowa, 191; *Kellogg* v. *Larkin*, 3 Wis. 123, 56 Am. Dec. 164; *Walsh* v. *Fussell*, 6 Bing. 163, 19 Eng. Com.

Law, 21; *Enders* v. *Enders,* 164 Pa. St. 266, 27 L. R. A. 56; *U. S.* v. *Trans.-Mo. Assn.,* 166 U. S. 290, 41 L. Ed. 1007; *Printing Co.* v. *Sampson,* 32 L. T. Rep. N. S. 354.)

By the Court, NORCROSS, J.:

This is an appeal from the judgment and from an order denying defendant's motion for a new trial. Action was brought by the plaintiff to recover the sum of $2,317, balance alleged to be due for certain goods, wares, and merchandise sold and delivered to defendant between the 29th day of May, 1910, and the 9th day of February, 1911, and for work and labor performed in and about the installation of certain of the said goods, wares, and merchandise in a building constructed by the defendant. The case was tried before Judge E. J. L. Taber without a jury, and judgment was awarded in favor of plaintiff in the sum of $2,217.78 and costs.

1. The only question presented upon appeal is whether the contract sued upon is void, as alleged in defendant's answer, under the provisions of section 37 of an act entitled "An act to provide for a reorganization of the system of school supervision and maintenance," etc., approved March 29, 1907 (Stats. 1907, p. 388), which section reads: "No trustee shall be pecuniarily interested in any contract made by the board of trustees of which he is a member."

It appears from the evidence that upon the 26th day of March, 1910, the defendant, appellant herein, was awarded the contract for the construction of a schoolhouse for Las Vegas school district in Clark County, upon his bid for the construction of the same for the sum of $27,706; he being deemed the lowest and best bidder by the board of school trustees of said district. At the time of the acceptance of appellant's said bid, and at all times mentioned in the action, the plaintiff, respondent herein, was a regularly elected, qualified, and acting member of the board of school trustees of said district. It is not contended that at the time the contract was awarded to appellant for the construction of said

school building respondent was in any way interested
in said contract, or that there was any understanding
between appellant and respondent that the latter should
furnish any labor or material in the construction of said
building.   A great many authorities have been cited by
counsel for appellant in support of his contention that
the contract sued upon is void.   Practically all of these
cases were considered by the learned judge in an elabo-
rate opinion rendered in deciding the case in the court
below.   Many of the authorities cited are based upon
statutes differing in material respects from the statute
under consideration in this case, and in most, if not all,
the cases in which a right to recover has been denied the
officer was directly or indirectly interested in the con-
tract at the time the same was awarded.   We shall not
attempt to distinguish this case upon fact from the many
cases that have been cited.   There are but one or two
cases in which the facts are substantially similar to the
case at bar.

The court below based its decision upon the recent case
of *Escondido Lumber Co.* v. *Baldwin*, 2 Cal. App. 606, 84
Pac. 284.   A rehearing was applied for in the Escondido
case before the Supreme Court of California, which was
denied; thus the decision has the approval of all the
courts of California.   The statute involved in that case
is also more nearly like ours than any other to which our
attention has been called.   From the Escondido case we
quote the following: "From the record it appears that
G. V. Thomas was on July 12, 1904, one of the trustees of
the Escondido school district, and at the same time was
a stockholder in and director and general manager of the
plaintiff corporation; that on said date the school dis-
trict entered into a contract with one S. M. Stewart to
construct a schoolhouse for the sum of $750; that Stewart
was at the time solvent and with means to pay for the
materials necessary for use in such house otherwise than
from money to arise upon such contract; that when said
contract was entered into no agreement, express or implied,
existed between Stewart and said trustees, or either of

them, with reference to the furnishing of the materials, or any portion of them, necessary for use in such construction; that after the execution of such contract, Stewart purchased from plaintiff corporation certain of the lumber used in said building, and said Thomas knew of its intended use when delivered. The schoolhouse was regularly and properly constructed, and by said trustees accepted. * * * The refusal of the school superintendent to draw such requisitions is based on the proposition that the contract was void because in violation of section 1876 of the political code, which reads: 'No school trustee or member of any board of education must be interested in any contract made by the board of which he is a member; and any contract made in violation of this provision is void.' This contention is untenable. The contract was valid under the findings of the court when executed. The mere fact that the contractor, without a previous arrangement or agreement, saw fit to buy of a corporation for which one of the trustees was an agent certain materials used in the construction of the house would not render the contract void, voidable, or ordinarily subject it to merited criticism. The only possible conflicting interest which could in any sense be said to exist, whereby the trustees' act could be influenced, would be in connection with the acceptance of the building when completed. But it is not pretended or claimed that the building was not properly constructed, from which the formal acceptance would be imperative. It must be borne in mind that the plaintiff corporation had no particular interest in the acceptance of the house. It had a claim against a solvent purchaser of the lumber. It was not necessary for it even to serve the statutory notices which are said to amount to an equitable garnishment under the lien law. We are unable to perceive even a slight interest on the part of a stockholder of plaintiff corporation, as was the case in *Wickersham* v. *Crittenden,* 93 Cal. 29, 28 Pac. 788. The Supreme Court of the United States in *Bank* v. *Owens,* 2 Pet. 529, 7 L. Ed. 508, has said that 'no court of justice

can in its nature be the handmaid of iniquity.' That office would be performed were the court, under the circumstances of this case, to refuse its aid in enforcing the demands of a 'laborer worthy of his hire' against a public corporation, which has received all to which it was entitled, and which seeks to avoid the payment of an honest obligation on account of a mere surmise that the possibility of profit from a subsequent independent contract had an influence upon the minds of the officials connected with the execution of the original contract. 'A bare suspicion that under the stimulus of such a contract a party might do some prohibited act would not be sufficient to justify a court in declaring it void. There must be something in it to indicate that its natural tendency would be to produce such an effect.' (*Casserleigh* v. *Wood*, 14 Colo. App. 274, 59 Pac. 1028.)"

In this case, like in the Escondido case, the material and labor furnished by the respondent to the appellant was satisfactory. There was some dispute between the board of school trustees and the appellant relative to other portions of the work which under the contract was submitted to arbitration, but no such question involved that portion of the work performed or material furnished by the respondent. It must be conceded that the question presented in this case is a close one, but it seems not to have entered into the consideration of appellant that, if the contract between himself and respondent was void, his own contract with the board of school trustees, at least to the extent of the work and labor performed by respondent, would be subject to the same infirmity. Some of the argument indulged in by the counsel for appellant, to the effect that there was evidence indicating a prior understanding between appellant and respondent such that the respondent was an interested party at the time the contract was executed between the board of school trustees and the appellant would, with equal force, support the view that appellant's contract was void. If the respondent was interested, directly or indirectly, in the contract at the time the same was awarded to appellant, the contract of the latter, according to many of the

authorities cited, would be void. The court, however, did not find that the respondent was in any way interested in the contract at the time appellant's bid was accepted. Appellant will not be heard in the contention that a certain state of facts would render his contract with respondent void while at the same time he contends that his own contract with the board of school trustees is in all respects valid. If the question of the invalidity of the contract sued upon in this action was being urged by some one else, we might be disposed to give it more serious consideration.

2. The contract sued on in this case cannot be both valid and void. If the plaintiff could not recover from the defendant for the value of his labor and material furnished, then the defendant cannot recover therefor from the school district. (*Northport* v. *Townsite Co.*, 27 Wash. 543, 68 Pac. 204.) Respondent in his contract with the appellant necessarily was obliged to look to the latter for payment for the labor and material furnished. He had no claim upon the school district for the same. As between the parties to this action, we are not disposed to resolve doubts against the validity of this contract or enter into a consideration of the niceties of public policy contended to affect the contract sued upon, when to do so, under our view of the case, would avail neither party to the suit. We agree with the trial judge that the Escondido case presents a correct exposition of the law under a statute like that involved in this case; and, as he found no facts which would militate against applying the law of that case to the one at bar, it is our conclusion that the judgment should be affirmed.

It is so ordered.