## KERR ET AL. *v.* STATE OF INDIANA, EX REL. McDANIEL.

[No. 9,320.    Filed June 22, 1917.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contracts. —Validity.—Interest of Public Officer.—Statute.*—In an action by a materialman against a public improvement contractor and the surety on his bond to recover for materials furnished for use in paving a city street, an answer alleging that, at the time the improvement was being made and the materials sued for were furnished, plaintiff was a member of the municipal common council, and that when the pavement was completed the council, including plaintiff, inspected the work in behalf of the city, and accepted it both as to workmanship and materials, does not aver facts sufficient to show that the sale of materials upon which the action is predicated was in violation of §8648 Burns 1914, Acts 1907 p. 538, providing that no member of the common council of a city shall be interested in any contract with the city in any matter by which any indebtedness is created or approved, and that such contract shall be absolutely void. p. 105.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contracts. —Validity.—Interest of Public Officer.—Public Policy.*—That a member of a municipal common council sold materials to a contractor to be used in a public improvement, and that the common council inspected the work when completed in behalf of the city and accepted the same, is not sufficient to render the contract for the sale of materials unenforceable as being in contravention of public policy, in the absence of a showing that the councilman had any interest in the improvement contract either at the time of its execution or thereafter, or that the city or public was in any way defrauded by reason of the use of the materials so furnished. p. 105.

3. APPEAL. — *Briefs.* — *Sufficiency.*—*Waiver of Error.*—An assigned error not mentioned under the points and authorities in appellant's briefs is waived. p. 108.

4. APPEAL. — *Questions Reviewable.* — *Briefs.* — *Sufficiency.*—A mere general statement in appellant's briefs that, where a finding is improperly affected by errors of law at the trial, or where a part of the evidence tending to support the finding upon a material point is legally insufficient, the finding is contrary to law, is, under Rule 22 of the Supreme Court, insufficient to present a question for review. p. 108.

5. NEW TRIAL.—*Grounds.*—*Action on Contract.*—*Excessive Damages.*—That the damages assessed are excessive is not a ground for a new trial in an action on contract. p. 108.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by the State of Indiana, on the relation of Lucien C. McDaniel, against Samuel M. Kerr and another. From a judgment for relator, the defendants appeal. *Affirmed.*

*Ira C. Batman, Robert G. Miller, James W. Blair* and *Rufus H. East,* for appellants.

*Joseph E. Henley* and *George Henley,* for appellee.

HOTTEL, C. J.—This is an appeal from a judgment in appellee's favor for $200.07 and costs, in an action brought by it against appellants on a contractor's bond. The averments of the complaint necessary to an understanding of the question presented by the appeal are in substance as follows: On December 2, 1909, appellant Finn entered into a contract with the city of Bloomington, Indiana, whereby he agreed to build a portion of a public street in said city, according to plans and specifications adopted by its common council, to perform all the work and furnish all the materials therefor, and to pay all sums due to any contractor or person furnishing any material. A copy of said contract was filed as an exhibit with the complaint. Said Finn executed a bond in the penal sum of $1,300, with appellant Kerr as surety, a copy of which is filed with the complaint,

and by the terms thereof appellants separately and severally obligated themselves to pay all claims for labor and material used in the construction of said street. From January 5 to July 15, 1910, relator sold and delivered to said Finn, at his special instance and request, a large amount of cement, coal and sand, aggregating $372, a bill of particulars of which is filed with the complaint, which material was used in the construction of the street. Relator has made demand upon said Finn, and he failed and refused to pay, thereby violating the terms of the contract and bond.

To this complaint appellants each separately filed the same answer in three paragraphs, viz., a general denial, a plea of payment, and a third paragraph, which alleges in substance that the city of Bloomington, at the times mentioned in the complaint, was a city of the. fifth class; that relator was duly elected a member of its common council on November 2, 1909, and duly qualified as such on January 1, 1910; that he continued to be a member of such council until January 1, 1914; that said Finn entered upon the performance of said contract subsequently to January 1, 1910, and constructed and completed the whole of said improvement during the year 1910, during which period the relator continued to act as a member of the common council of the city and furnished to said Finn the material described in the complaint, which was used in the construction of the street; that said Finn completed the improvement, and the council, including the relator, inspected the work and accepted the improvement, both as to workmanship and material, including the materials so furnished by the relator. That the sale of material by the relator to Finn as such contractor was against public policy and void, and that the amount thereof is not chargeable to the bond in suit.

Demurrers to said third paragraphs of answer were

sustained and exception saved by each appellant. There was a trial by the court and a special finding of facts and conclusions of law in appellee's favor. The first and second errors assigned and relied on for reversal respectively challenge the ruling on said demurrers to each appellant's said third paragraph of answer. This ruling presents the controlling question of the appeal.

Appellants insist in effect that the facts averred in said answer show that the sale of the materials upon which relator's cause of action is predicated was

1. in violation of §8648 Burns 1914, Acts 1907 p. 538, and hence that such answer stated a good defense to the cause of action.

In the recent case of *Finn* v. *State, ex rel.* (1916), 66 Ind. App. ——, 114 N. E. 9, this court, in determining the sufficiency of a similar answer, held that its averments did not bring it within the provisions of said statute.

Appellants, however, insist in effect that independently of statute the facts pleaded in said answer show that the sale of said material by the relator was

2. one, the natural tendency of which placed appellee in a position of antagonism to the public duty required of him as a member of the city council, and had a tendency to make him less diligent in the discharge of his official duty; and hence that such sale was against public policy and void. In the case just referred to, this court indicated that the question now suggested was not presented in that case, and for that reason expressly reserved its opinion thereon. Appellants have cited a number of cases in which officers have been directly interested in public contracts, but, with the exception of the case just cited, we have been unable to find any case in this state where it was charged that an officer was interested in a public contract, other than cases in which the contract involved was one be-

tween the official and the municipality or public corporation of which he was an official.

In determining the question under consideration, it must be kept in mind that the principle of law which forbids the enforcement of any contract on the ground that it contravenes public policy, whether found in express legislative enactment or in the body of the law, as expressed and declared by the courts and the legal textwriters, rests always upon the idea that the contract so forbidden is injurious to the public or the state. In the answer under consideration, there is no averment that relator contracted with the city, and nothing appears therein which shows that he had any interest, either direct or indirect, in such contract at the time of its execution, or that there was any agreement, collusion or secret understanding of any kind between relator and the contractor when the contract was made whereby relator became in any way connected therewith or interested therein. No fraud of any kind is shown or attempted to be shown whereby the city or the public was in any way affected to its harm or injury by reason of said contract or on account of the material used in the improvement involved therein. True, the answer shows that appellant Finn procured the acceptance by the city of said improvement, including the material furnished by the relator, and that when such acceptance was procured the relator was a member of the council that accepted it; but to our minds this averment weakens rather than strengthens appellants' position, because it shows that the contractor has received the full benefit of the contract which he is now seeking to avoid on the ground that it contravenes public policy, and that, in so far as there was a possibility of the public being injuriously affected by the acceptance of the improvement and said material furnished by the relator in connection therewith, appellant Finn

has himself procured the full benefits of such acceptance and received value from the city for the materials.

Even in cases where the *public corporation* seeks to avoid the payment of an honest obligation for material received and used by it, the courts, in the absence of a positive statute requiring them to do so, hesitate to lend their aid in accomplishing such an end on the ground of a mere surmise that sales by one of the officers of such corporation of material to the contractor may have influenced the mind of such official in the acceptance of such contract originally, or in the acceptance of the work done or material furnished thereunder. *Escondido Lumber, etc., Co.* v. *Baldwin* (1906), 2 Cal. App. 606, 84 Pac. 284; *O'Neill* v. *Auburn* (1913), 76 Wash. 207, 135 Pac. 1000, 50 L. R. A. (N. S.) 1140.

If, in such cases, the courts hesitate to relieve the public corporation from liability, much greater reason exists for a court's refusal to give consideration or aid to the accomplishment of such an end when, as in the instant case, the invalidity of the contract is invoked by the contractor himself, to avoid paying for the very material, the acceptance of which, and the payment for which, he has procured at the hands of such public corporation. *Worrell* v. *Jurden* (1913), 36 Nev. 85, 132 Pac. 1158. Elliott, in his work on Contracts (Vol. 2, p. 10, §650), says: "A doubtful matter of public policy is not sufficient to invalidate a contract. An agreement is not void on this ground unless its contravention of public policy is clear and is manifestly injurious to the interest of the state." The authorities cited, *supra*, we think, necessitate the conclusion that the demurrer to said answer was properly sustained.

Appellants' third and fourth assigned errors, respectively, challenge the trial court's conclusions of law and its ruling on their motion for new trial. The third is

3. not mentioned in their points and authorities and is therefore waived.

The motion for new trial is not set out in their brief, but, under their points and authorities, appellants indicate certain grounds of such motion upon which,

4. we assume, they rely for reversal. These grounds alone will be considered. Appellants state generally, in their brief, that where a finding is improperly affected by errors of law at the trial, or where a part of the evidence which tends to support the finding upon a material point is legally insufficient, the finding is contrary to law. They do not show how the finding was improperly affected, or by what errors it was affected, or what fact essential to the decision was not sustained by the evidence. Such general proposition or statement is, under Rule 22, insufficient to present any question. *Leach* v. *State* (1911), 177 Ind. 234, 240, 97 N. E. 792; *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 108 N. E. 160; *Mutual Life Ins. Co.* v. *Finkelstein* (1914), 58 Ind. App. 27, 31, 107 N. E. 557; *Town of New Point* v. *Cleveland, etc., R. Co.* (1915), 59 Ind. App. 147, 158, 107 N. E. 560; *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 252, 80 N. E. 538. In this connection it should be stated that, under the heading "Error of the court in excluding testimony," appellants complain of the court's refusal to hear certain evidence which would have been pertinent and applicable to said third paragraph of answer. Our disposition of the ruling on the demurrer to said answer, in effect, disposes of this contention.

Appellants say also that *"the damages assessed are excessive."* This was one of the grounds of their motion for new trial, but no question is presented by

5. such ground in an action on contract. *Brown* v. *Guyer* (1916), 64 Ind. App. 356, 115 N. E. 947, 948, and cases there cited.

We might add, however, that, assuming that such question is presented in said motion by a ground thereof in the form and words prescribed by the statute (§585, cl. 5, Burns 1914, §559 R. S. 1881), our examination of the evidence convinces us that no available error would be presented thereby.

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 116 N. E. 590.    States—public improvements: obligation of public corporation to pay for services rendered under a contract in which an officer is personally interested, 34 L. R. A. (N. S.) 129; effect of indirect interest of public officer in performance of contract for construction of public improvement, 50 L. R. A. (N. S.) 1140.