FLEETWOOD ENTERPRISES, INC., and Fleetwood Motor Homes of Indiana, Inc., Appellants (Defendants Below),

v.

PROGRESSIVE NORTHERN INSUR-ANCE COMPANY, as Subrogee of Jack Bostic, Appellee (Plaintiff Below).

No. 45S03–0106–CV–265.

Supreme Court of Indiana.

June 6, 2001.

Fred M. Stults, III, Fred M. Stults, Jr., Gary, IN, Attorneys for Appellants.

Michael E. Simmons, Indianapolis, IN, Attorney for Appellee.

## ON PETITION FOR TRANSFER

BOEHM, Justice.

In *Progressive Insurance Co. v. Ford Motor Co.*, 749 N.E.2d 484, 486 (Ind.2001), we held that the Products Liability Act does not support an action based on a defect in a product where the only damage is to the product itself. In this case a defect in the product is alleged to have damaged both the product itself and also other property. We hold that personal injury and damage to other property from a defective product are actionable under the Act, but their presence does not create a claim under the Act for damage to the product itself.

On January 6, 1996, the three occupants of a motor home smelled something "hot" and fled. The home had been manufactured by Fleetwood. It was quickly engulfed in flames and was completely destroyed. Progressive Insurance had is-sued a homeowner's policy and paid the owner $162,500 for damages to the motor home and $6,587.89 for damages to other personal property in the home. As subrogee, Progressive then sought to recover its losses from Fleetwood under a products liability theory. The trial court refused to give the defendant's proposed jury instruction that, "under the Indiana Strict Product Liability Law, Plaintiff ... is NOT entitled to recover for any sums it paid ... for the Fleetwood Motor Home only. Instead, the only amount of damages you may consider is the amount Progressive ... paid ... for [ ] loss of personal property contents contained within the motor home." Instead, the trial court gave Indiana Pattern Jury Instruction No. 11.40: "When personal property is completely destroyed, the measure of damages is the fair market value of the property at the time of its destruction." The jury awarded Progressive the full $169,087.89 Progressive had paid its insured, and the trial court added prejudgment interest of $46,881.35, for a total judgment of $215,969.24.

In *Progressive*, we reaffirmed the rule that no damages are recoverable under the Products Liability Act where the only damage is to the defective product itself. 749 N.E.2d at 484. However, cases from this Court and others have discussed that doctrine in language suggesting that damage to the product might be recoverable under a products liability theory if the defective product also causes personal injury or damage to other property. For example, in *Reed v. Central Soya Co.*, 621 N.E.2d 1069, 1074–75 (Ind.1993), this Court held that, "where the loss is solely economic in nature, as where the only claim of loss relates to the product's failure to live up to expectations, and *in the absence of damage to other property or per-*

*son*, then such losses are more appropriately recovered by contract remedies." (Emphasis added.). In *Reed*, this Court was presented with a case in which the only claim was for damage to other property. In the other leading Indiana precedent, *Martin Rispens & Son v. Hall Farms, Inc.*, 621 N.E.2d 1078 (Ind.1993), the product—watermelon seeds—was viewed as the same thing as the resulting bacteria-infected watermelon crop. Accordingly, *Rispens* addressed only harm to the product itself. Thus, this Court has never faced a products liability claim for damage to the product where there was also damage to persons or other property. This dispute between Progressive and Fleetwood directly presents us with that question.

Some decisions from other states, like *Reed*, note the absence of damage to other property in rejecting claims for damage to the defective product, which is sometimes viewed as a subcategory of "economic loss." However, these decisions, like *Reed*, typically were not faced with a claim for damages to the product and also to other property. For example, *E.I. Du Pont de Nemours & Co. v. Finks Farms, Inc.*, 656 So.2d 171, 173 (Fla.Ct.App.1995), addressed a claim for damage to a tomato crop from an allegedly defective fungicide: "Where, however, as in the instant case, the finished product causes property damage to other property, the economic loss doctrine does not apply."

In addition to the absence of direct authority in this state, it appears that the question whether damage to the product is recoverable in products liability where it is accompanied by damage to other property or personal injury has rarely been addressed elsewhere. However, at least one court has permitted that recovery in a jurisdiction that does not permit recovery for damage to the product alone. In *Dutsch v. Sea Ray Boats, Inc.*, 845 P.2d 187, 189, 193 (Okla.1992), the court affirmed a judgment under Oklahoma products liability law awarding $181,500 for personal injury damages and $115,000 for damages to a boat that exploded. As support for allowing damages for harm to the product itself, the court reasoned that the policy of preserving remedies under the Uniform Commercial Code "would not be furthered by requiring a plaintiff to proceed under two different theories to recover two different types of damage if one type of damage claimed is recoverable in manufacturer's products liability." *Id.* at 193–94. The Court cited four precedents for its view, but a reading of those cases suggests that there was either no damage at all to the product [1] or extremely minor damage in comparison to the personal injury or other property loss from the defective product.[2] In any event, none of these

---

1. In *Lee v. Volkswagen of America, Inc.*, 688 P.2d 1283, 1285 (Okla.1984), the plaintiff was rendered quadriplegic by an accident in which a defective Volkswagen door latch caused his ejectment from the car. He was awarded 1.8 million dollars for personal injury. There is no suggestion that the defect in the door caused any damage to the car. *Dewberry v. LaFollette*, 598 P.2d 241, 242 (Okla. 1979), involved a claim of personal injury from collapsing steps. There was no claim for the steps themselves.

2. In *Smith v. United States Gypsum, Co.*, 612 P.2d 251, 252–53 (Okla.1980), the plaintiff was awarded $600,000 for personal injuries from the explosion of solvent-based adhesive for installing wall paneling. The court does not identify the components of damage, but it is clear that virtually all, if not all, were for personal injury. In *Kimbrell v. Zenith Radio Corp.*, 555 P.2d 590 (Okla.1976), a television was claimed to have caused a fire that destroyed a home. If compensation for damage to the television itself was sought, it is not mentioned by the court. In any event, it was trivial compared to the loss of the home.

four cases suggested that any part of the damages was for loss of the defective product and none mentioned the issue discussed here.

■ Here there was damage, although relatively small in amount, to other property. Plainly that amount is recoverable under the Products Liability Act. However, we find no persuasive reason to sustain a products liability claim for damage to the product if it is accompanied by personal injury or damage to other property when there is no products liability claim if that other damage is absent. The reason given in *Dutsch* to find such a claim—avoidance of dual theory trials—does not seem very forceful. Many of these cases, like this one, present situations where either the loss to the product or the damage to other property is by far the largest component of the total claim. Here the motor home itself is ninety-six percent of the claim. In contrast, some fact patterns, like those described in footnote two, do not expressly address the issue presented here, but involved severe personal injury or damage to other property and very minor or no damage to the product. If either claim is sufficiently large to warrant litigation, it is not too much to demand proof of the elements of recovery under a products liability or contract theory, whichever is appropriate. And under Indiana procedure, a plaintiff may readily pursue both a contract claim for damage to the product itself and a tort claim for personal injury or damage to other property under the Products Liability Act.

More importantly, unlike Oklahoma, in Indiana a products claim is governed by statute. There is no support in Indiana's Products Liability Act for the result reached in *Dutsch*. Precedent from this Court has not regarded the "product" whose defect gives rise to liability as "property" whose damage gives rise to a

claim under the Act. *Rispens*, 621 N.E.2d at 1089. That result, apparently accepted by the legislature, dictates disallowance of the claim for damage to the defective product, whether or not accompanied by other damage. Thus, for the same reasons given in *Progressive*, we hold that damage caused to other property by a defective product does not create a claim for damage to the product itself. We also think there are other persuasive reasons to reject the *Dutsch* rule. If recovery hinges on the presence of other damage, many cases will be launched into quests for some collateral damage. An oil stain on a garage floor from a failed engine or a burnt blade of grass from a fire should not create a claim where none existed.

■ We conclude that it was error for the trial court to refuse to instruct the jury that damage to the product itself, i.e., the motor home, was not recoverable under the Products Liability Act. In reviewing a trial court's decision to give or refuse tendered instructions, the Court considers: (1) whether the instruction correctly states the law; (2) whether there was evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given. *Wooley v. State*, 716 N.E.2d 919, 926 (Ind. 1999). An erroneous instruction merits reversal if it could have formed the basis for the jury's verdict. *Canfield v. Sandock*, 563 N.E.2d 1279, 1282 (Ind.1990).

■ Here, it is clear that Indiana Pattern Instruction No. 11.40 left the jury with the mistaken impression that it should award full damages for the motor home to Progressive if it determined that Fleetwood was liable to Progressive in Progressive's products liability claim, and that the trial court erred in refusing to give Fleetwood's instruction. Ordinarily, a new trial would be required. However,

where, as here, liability was determined by the jury and the basis of the jury's damages award is apparent, it is appropriate to vacate the portion of the damages award not recoverable as a matter of Indiana law. *See* Ind.Appellate Rule 15(N)(5) (now App. R. 66(C)(4)) ("The court, with respect to all or some of the parties or upon all or some of the issues, may order: ... (6) In the case of excessive or inadequate damages, entry of final judgment on the evidence for the amount of the proper damages....").

No challenge is raised to the award of prejudgment interest beyond a challenge to the underlying judgment. Accordingly, prejudgment interest should be awarded in proportion to the amount of the judgment that is affirmed.

### Conclusion

We affirm the jury's award of damages in the amount of $6,587.89, reverse the damages award in the amount of $162,500, and remand with direction that judgment be entered for the plaintiff in the amount of $6,587.89 plus prejudgment interest of $1,826.56.

SHEPARD, C.J., and SULLIVAN, J., concur.

RUCKER, J., concurs in result with separate opinion in which DICKSON, J., concurs.

RUCKER, Justice, concurring in result.

Because of the doctrine of *stare decisis,* I concur in the result reached by the majority. Both *Martin Rispens & Son v. Hall Farms, Inc.,* 621 N.E.2d 1078 (Ind. 1993), and *Reed v. Central Soya Co., Inc.,* 621 N.E.2d 1069 (Ind.1993), compel the outcome in this case.

DICKSON, J., concurs.