**CONTROL TECHNIQUES, INC., a/k/a Warner Control Company and/or Warner Control Techniques, Appellant (Defendant Below),**

v.

**John W. JOHNSON and Linda Johnson, Appellees (Plaintiffs Below).**

No. 45S03–0202–CV–97.

Supreme Court of Indiana.

Feb. 5, 2002.

Cornelius J. Harrington, Highland, IN, Attorney for Appellant.

Nick Katich, Merrillville, IN, Attorney for Appellee.

## ON PETITION TO TRANSFER

BOEHM, Justice.

This case deals with the relationship between the Comparative Fault Act and the common law tort doctrine of superseding or intervening cause. The requirement of causation as an element of liability for a negligent act includes the requirement that the consequences be foreseeable. A superseding cause that forecloses liability of the original actor is, by definition, not reasonably foreseeable by a person standing in the shoes of that actor. Accordingly, the doctrine of superseding cause is simply an application of the larger concept of causation. Because an instruction on superseding cause would only further clarify proximate cause, the trial court's failure to give a separate jury instruction on superseding cause was not reversible error.

### Factual and Procedural Background

John Johnson sustained serious burns to his arms and face in December of 1991 while measuring the voltage of a circuit breaker at the LTV Steel Plant in East Chicago, Indiana. A jury awarded him $2,000,000 and allocated eighty percent liability to Meade Electric Co., Inc., which installed the breaker, fifteen percent to Johnson, and five percent to Control Techniques, Inc. (Control), which designed and built the circuit breaker. Control was thus ordered to pay $100,000, representing its five percent of the total.

We grant transfer to discuss one of the four issues Control raised on appeal: whether the trial court committed reversible error in refusing Control's tendered jury instruction on the doctrine of su-

perseding or intervening cause. Essentially, Control contended that Meade's method of installing the breaker was a superseding cause of the accident that foreclosed any liability Control may have had from the breaker's design and manufacture. The Court of Appeals concluded that the instructions on fault causation adequately covered the subject. *Control Techniques, Inc. v. Johnson,* 737 N.E.2d 393, 402 (Ind.Ct.App.2000). We essentially agree with the Court of Appeals, but grant transfer because of varying formulations of this issue reflected in recent Court of Appeals opinions.

## Superseding or Intervening Causation

■■■ The doctrine of superseding or intervening causation has long been part of Indiana common law. It provides that when a negligent act or omission is followed by a subsequent negligent act or omission so remote in time that it breaks the chain of causation, the original wrongdoer is relieved of liability.[1] *Vernon v. Kroger Co.,* 712 N.E.2d 976, 981 (Ind.1999). A subsequent act is "superseding" when the harm resulting from the original negligent act "could not have reasonably been foreseen by the original negligent actor." *Id.* (quoting *Hooks SuperX, Inc. v. McLaughlin,* 642 N.E.2d 514, 520 (Ind. 1994)). Whether the resulting harm is "foreseeable" such that liability may be imposed on the original wrongdoer is a question of fact for a jury.

The plaintiffs argue, and the Court of Appeals agreed, that the doctrine has been incorporated into Indiana's Comparative Fault Act, which allocates damages among the parties according to their respective negligence. They argue that the need for the doctrine is obliterated because a defendant is liable only for the amount of damages traceable to his or her conduct and that a simple jury instruction on proximate cause is sufficient. Control responds that cases subsequent to the passage of the Act have discussed the doctrine favorably. It argues that there was evidence in the record to support an instruction on superseding causation and, therefore, it was reversible error for the trial court to refuse to give the instruction.

The Comparative Fault Act was adopted in Indiana in 1983 and went into effect in 1985. Ind.Code § 34–4–33–1 to 12 (1993) (recently recodified at I.C. 34–51–2). Some version of comparative fault has been adopted by statute in well over half of the fifty states, and several other jurisdictions have adopted comparative fault principles by judicial decisions. *See* Matthew Bender, 3 *Comparative Negligence* app. I (2001). The effect of comparative fault on various common law defenses to tort claims has since been a topic of debate in this state, *e.g., Heck v. Robey,* 659 N.E.2d 498, 504 (Ind.1995), and other jurisdictions that have adopted a comparative fault scheme, *e.g., Torres v. El Paso Elec. Co.,* 127 N.M. 729, 987 P.2d 386, 391 (1999). In particular, many courts have addressed the common law doctrines of assumption of risk and last clear chance. The superseding cause doctrine has been the focus of less debate, but, in this jurisdiction, that doctrine has been viewed by some as subsumed in the Act, and by others as retaining continued viability. *Compare Heck,* 659 N.E.2d at 504 ("As a comparative *fault* statute, the [Act] eliminated contributory negligence as a complete defense, as well as other common-law

---

**1.** "Superseding" and "intervening" have been used interchangeably by this Court to refer to an act of another that cuts off the liability of the original actor. *E.g., Vernon v. Kroger Co.,* 712 N.E.2d 976, 981 (Ind.1999). According to Black's Law Dictionary, any subsequent negligent act is an intervening act, but only if the act is deemed superseding will the original negligent actor be relieved of liability. *Black's Law Dictionary* 212 (7th ed.1999).

defenses.") (emphasis in original), *and L.K.I. Holdings, Inc. v. Tyner*, 658 N.E.2d 111, 120 (Ind.Ct.App.1995) ("The comparison of fault inherent in the doctrine of intervening cause has been incorporated into our comparative fault system."), *with Vernon*, 712 N.E.2d at 981 ("The law also recognizes the doctrine of intervening and superseding cause."), *and Straley v. Kimberly*, 687 N.E.2d 360, 364 (Ind.Ct.App. 1997) (discussing doctrine of intervening cause).

▆▆▆ For the reasons expressed below, we agree with the Court of Appeals that no separate instruction is required. In capsule form, we conclude that the doctrines of causation and foreseeability impose the same limitations on liability as the "superseding cause" doctrine. Causation limits a negligent actor's liability to foreseeable consequences. A superseding cause is, by definition, one that is not reasonably foreseeable. As a result, the doctrine in today's world adds nothing to the requirement of foreseeability that is not already inherent in the requirement of causation.

▆▆▆ Under Indiana law, a negligent defendant may be liable for a plaintiff's injury if his or her action is deemed to be a proximate cause of that injury. Whether or not proximate cause exists is primarily a question of foreseeability. As this Court recently stated, the issue is whether the injury "is a natural and probable consequence, which in the light of the circumstances, should have been foreseen or anticipated." *Bader v. Johnson*, 732 N.E.2d 1212, 1218 (Ind.2000). As a result, liability may not be imposed on an original negligent actor who sets into motion a chain of events if the ultimate injury was not reasonably foreseeable as the natural and probable consequence of the act or omission. *Havert v. Caldwell*, 452 N.E.2d 154, 158 (Ind.1983); *see also* 57 Am.Jur.2d Negligence § 596 (1989) ("[T]he question of [superseding] cause is simply a question of whether the original act of negligence or an independent intervening cause is the proximate cause of an injury."). Section 442 of the Restatement of the Law of Torts (Second) also lists factors to be considered in determining whether the intervening force may be deemed a superseding one:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or his failure to act.... [2]

The sum of all this is that, in order to be liable for a plaintiff's injury, the harm must have been reasonably foreseeable by the defendant, in this case the original negligent actor. This is the case if there is only one negligent act or omission and it is equally true in the case of a negligent act or omission followed by a "superseding" act or omission. These propositions were valid both before and after the adoption of the Comparative Fault Act. *See Torres*, 987 P.2d at 392 ("[T]he doctrine [of su-

---

**2.** Two other factors, dealing with acts subsequent to the first intervening act and inten-

tional torts or criminal acts, are also listed.

perseding cause] reflects traditional notions of proximate causation and the need to limit potentially limitless liability arising from mere cause in fact.").

The Comparative Fault Act addressed two major concerns. Before adoption of the Act, a defendant whose negligence contributed only slightly to the plaintiff's loss could be required to pay for all of the plaintiff's damages and the plaintiff could proceed against and collect from the defendant of choice. *See Barker v. Cole*, 396 N.E.2d 964, 971 (Ind.Ct.App.1979). Because there was generally no right of contribution, a defendant only slightly responsible could be liable for the entire amount of damages. Similarly, comparative fault abolished the harsh common law rule that a plaintiff contributorily negligent to any degree was barred from all recovery. *See Heck*, 659 N.E.2d at 504; *L.K.I. Holdings, Inc.*, 658 N.E.2d at 119; *see also Sizemore v. Montana Power Co.*, 246 Mont. 37, 803 P.2d 629, 634 (1990). In short, the Act did not change the standard for imposing liability. Rather, it changed the apportionment of the damages flowing from that liability. Enactment of comparative fault preserved the requirement of proximate cause as a requirement of liability.

▮ Under the Comparative Fault Act, liability is to be apportioned among persons whose fault caused or contributed to causing the loss in proportion to their percentages of "fault" as found by the jury. I.C. § 34–51–2–8; *Cahoon v. Cummings*, 734 N.E.2d 535, 541 (Ind.2000). As a result, the jury is first required to decide whether an actor's negligence was a proximate cause of the plaintiff's injury. To say there is a "superseding cause" foreclosing one actor's liability is to say that the su-

perseding event was not reasonably foreseeable to that actor. This is simply another way of saying, in comparative fault terms, that the original actor did not cause the harm and receives zero share of any liability.

Here, the trial court refused Control's jury instruction on intervening cause, which is drawn verbatim from Indiana Pattern Jury Instructions Civil 5.41 (2d ed.2000):

> An intervening cause is an action by a third party or agency that breaks the causal connection between the defendant's alleged negligence and the plaintiff's injury. This intervening cause then becomes the direct cause of the injury.

> If you decide that the injury to the plaintiff would not have occurred without the action of the third party or agency, then the plaintiff cannot recover from the defendant.[3]

> However, if you find that the defendant acted negligently and could have reasonably foreseen the actions of the third party or agency, then the defendant can still be liable for the defendant's injuries.

▮ In reviewing a trial court's decision to give or to refuse tendered instructions, this Court considers: (1) whether the instruction correctly states the law; (2) whether there was evidence in the record to support the giving of the instruction; and (3) whether the substance of the instruction is covered by other instructions which are given. *Fleetwood Enters., Inc. v. Progressive N. Ins. Co.*, 749 N.E.2d 492, 495 (Ind.2001).

---

3. Because we conclude that this instruction was properly refused for other reasons, we reserve judgment on the issue of whether the second paragraph is a correct statement of law. However, we note that this paragraph arguably injects an erroneous "but for" test into the causation analysis.

We conclude that the trial court did not abuse its discretion in refusing Control's instruction. There is evidence in the record to support the giving of an instruction on superseding cause. However, to the extent that this instruction is a correct statement of the law, the substance of it was covered in the court's final instruction number 17: " 'Proximate cause' is that cause which produces injury complained of and without which the result would not have occurred. That cause must lead in a natural and continuous sequence to the resulting injury."

■ Trial courts may properly elect to give an instruction on this doctrine if they conclude it would aid the jury in determining liability. However, this call is better left to the discretion of the trial courts, as they are in the best position to determine whether an instruction on superseding cause is useful. It was not error to instruct only on causation.

### Conclusion

■ We conclude that the adoption of the Comparative Fault Act did not affect the doctrine of superseding cause, but on the facts presented here the trial court did not commit reversible error in refusing to instruct the jury on the doctrine. On all other issues, the Court of Appeals is summarily affirmed. Former Ind. Appellate Rule 11(B) (now App. R. 58(A)(2)). The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN and RUCKER, JJ., concur.

DICKSON, J., dissents with separate opinion.

DICKSON, Justice, dissenting.

I agree that the adoption of the Indiana Comparative Fault Act did not affect the doctrine of superseding cause, and that the evidence in the record in this case sup-

ports giving an instruction on superseding cause. I dissent, however, as to whether the defendant's issue of superseding cause was adequately covered by other instructions, and as to whether the Comparative Fault Act abrogated the common law principle of joint and several liability for joint tortfeasors.

### I.

I believe that the majority mistakenly concludes that the trial court's instruction defining proximate cause was adequate to cover the substance of the defendant's tendered but rejected instruction on superseding cause. As acknowledged by the majority, under the facts presented by the record, the defendant was entitled to have the jury informed that an unforeseeable action by a third party or agency that breaks the causal connection between the defendant's alleged negligence and the plaintiff's injury then becomes the direct cause of the injury. This principle of law was not adequately covered by the trial court's instruction providing the definition of proximate cause, notwithstanding inclusion of the requirement that the cause "must lead in a natural and continuous sequence to the resulting injury." Record at 112. I therefore conclude that the trial court erred in refusing to give the defendant's tendered superseding cause standard pattern jury instruction.

### II.

I also dissent from the majority's unnecessary excursion into the issue of apportionment of liability under the Indiana Comparative Fault Act, and I specifically quarrel with its belief that the Act altered the common law rule of joint and several liability among joint tortfeasors.

The majority asserts that the Comparative Fault Act addressed two major con-

cerns: (1) allocation of liability among multiple tortfeasors and (2) abolition of the doctrine of contributory negligence. To the contrary, in *Bowles v. Tatom*, 546 N.E.2d 1188 (Ind.1989), this Court declared:

> Furthermore, the nature of and procedures established by the Indiana Comparative Fault Act reveal that its primary function is to modify the common law rule of contributory negligence under which a plaintiff only slightly negligent was precluded from recovery of any damages, even as against a relatively highly culpable tortfeasor. In abrogating this harsh rule, the Act allows recovery but reduces such recovery in proportion to any fault of the plaintiff which contributed to the damages.... In furtherance of these objectives, the Act establishes a mechanism by which the factfinder is required to specifically determine the relative degree of the plaintiff's fault with respect to others. *This proportional allocation of fault is the means by which the Act's objectives are reached, not the ends to which it aspires.*

*Id.* at 1190 (emphasis added). We did not find the allocation of limited liability among multiple tortfeasors to be a purpose or function of the Act. Significantly, in footnote 1, we stated: "[T]he Indiana Comparative Fault Act does not expressly prescribe whether the common law principle of joint and several liability is abrogated in cases to which the Act is applicable. This is an unresolved issue which has not yet been addressed by amendatory legislation or by this Court." *Id.* at n. 1.[4]

Our rejection of liability allocation as a purpose of the Comparative Fault Act is further demonstrated in *Indianapolis P &*

*L v. Snodgrass*, in which we quoted with approval the above passage from *Bowles* and held that the Court of Appeals "[e]rroneously impart[ed] to the Act the goal of full and complete proportional allocation of fault." *Snodgrass*, 578 N.E.2d 669, 672 (Ind.1991). Likewise, in *Mendenhall v. Skinner and Broadbent Co.*, we repeated, "The primary objective of the Act was to modify the common law rule of contributory negligence under which a plaintiff was barred from recovery where he was only slightly negligent." 728 N.E.2d 140, 142 (Ind.2000).

The majority states that, under the Act, *liability* is to be apportioned among tortfeasors in proportion to their percentages of *fault* as found by the jury. I strongly disagree. As noted in *Bowles*, the fault determination is necessary to enable the jury to determine a plaintiff's recovery as reflecting the relative degree of plaintiff's fault. But the Act does not require that the resulting fault percentages also be used to limit a joint tortfeasor's liability.

The Comparative Fault Act, adopted in derogation of the common law, must be strictly construed. *Snodgrass*, 578 N.E.2d at 673. "It is well settled that the legislature does not intend by a statute to make any change in the common law beyond what it declares either in express terms or by unmistakable implication." *Id.* at 673; *see also Durham ex rel. Estate of Wade v. U–Haul Int'l*, 745 N.E.2d 755, 767 (Ind. 2001); *S. Bend Cmty. Sch. Corp. v. Widawski*, 622 N.E.2d 160, 162 (Ind.1993); *N. Ind. Pub. Serv. Co. v. Citizens Action Coalition of Ind., Inc.*, 548 N.E.2d 153, 159 (Ind.1989); *State Farm Fire & Cas. Co. v. Structo Div., King Seeley Thermos Co.*, 540 N.E.2d 597, 598 (Ind.1989).

Under common law, joint tortfeasors are subject to both joint and several liability,

---

4. Although this Court has never directly confronted and answered whether the Act abrogates joint and several liability, I acknowledge that there exists dicta assuming its abrogation in *Cahoon v. Cummings,* 734 N.E.2d 535, 541 (Ind.2000).

and a tortfeasor may be "liable for the entire loss sustained by the plaintiff, even though [the tortfeasor's] act concurred or combined with that of another wrongdoer to produce the result." W. PAGE KEETON ET. AL., PROSSER AND KEETON ON THE LAW OF TORTS § 47 at 328 (5th ed.1984); *see also Cooper v. Robert Hall Clothes, Inc.,* 271 Ind. 63, 390 N.E.2d 155, 157 (1979); *Hoesel v. Cain,* 222 Ind. 330, 345, 53 N.E.2d 165, 171 (Ind.1944); *Kizer v. Hazelett,* 221 Ind. 575, 576–77, 49 N.E.2d 543, 544 (Ind. 1943); *Jackson v. Record,* 211 Ind. 141, 145, 5 N.E.2d 897, 898–99 (Ind.1937).

The Indiana Comparative Fault Act did not by express terms or unmistakable implication abrogate the common law principle of joint and several liability for joint tortfeasors.[5] Furthermore, despite our decisions beginning in 1989 noting this omission, the legislature has not since chosen to enact such abrogation. For these reasons, I dissent to the majority's assertion that the Act requires liability to be apportioned among joint tortfeasors in proportion to their fault.

**5.** In contrast to the Comparative Fault Act, the Indiana Products Liability Act explicitly abrogates the common law principle of joint and several liability in products liability cases. *See* Ind.Code § 34–20–7–1.