| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT | ATTORNEYS FOR AMICI CURIAE |
|---|---|---|
| David V. Scott<br>New Albany, Indiana | Nelson D. Alexander<br>Kevin C. Schiferl<br>Maggie L. Smith<br>Frost Brown Todd LLC<br>Indianapolis, Indiana | Indiana Legal Foundation, Inc.<br>Peter J. Rusthoven<br>Paul L. Jefferson<br>Barnes & Thornburg LLP<br>Indianapolis, Indiana |
| James Orville McDonald<br>Terre Haute, Indiana | | |
| Gail Gaus-Renshaw<br>Lakinchapman LLC<br>Wood River, Illinois | John M. Thomas<br>Bryan Cave LLP<br>St. Louis, Missouri | Product Liability Advisory Council, Inc.<br>L. Alan Whaley<br>Brian J. Paul<br>Ice Miller LLP<br>Indianapolis, Indiana |
| | | Defense Trial Counsel of Indiana<br>Ross E. Rudolph<br>James B. Godbold<br>Rudolph Fine Porter & Johnson, LLP<br>Evansville, Indiana |

---

# In the
# Indiana Supreme Court

FILED
Feb 08 2011, 2:39 pm

CLERK
of the supreme court,
court of appeals and
tax court

### No. 94S00-1007-CQ-348

NICHOLAS A. GREEN, *Plaintiff,*

v.

FORD MOTOR COMPANY, *Defendant.*

Certified Question from the United States District Court
For The Southern District of Indiana
No. 1:08-cv-0163-LJM-TAB
The Honorable Larry J. McKinney, Judge

**February 8, 2011**

**Dickson, Justice**.

The United States District Court for the Southern District of Indiana has certified for our resolution the following issue of Indiana state law:

> Whether, in a crashworthiness case alleging enhanced injuries under the Indiana Products Liability Act, the finder of fact shall apportion fault to the person suffering physical harm when that alleged fault relates to the cause of the underlying accident.

We accepted this question pursuant to Indiana Appellate Rule 64. As explained more fully below, subject to certain qualifications that require modification of the question, our answer is in the affirmative.

The underlying federal lawsuit is a damage action by Nicholas A. Green against Ford Motor Company under the Indiana Product Liability Act, asserting that Green's 1999 Ford Explorer vehicle was defective and unreasonably dangerous and that Ford was negligent in its design of the vehicle's restraint system. On January 24, 2006, while Green was driving the vehicle, it left the road, struck a guardrail, rolled down an embankment, and came to rest upside down in a ditch. Green sustained severe injuries and was rendered a quadriplegic. He claims that his injuries were substantially enhanced because of the alleged defects in the vehicle's restraint system. In the federal litigation, Green moved *in limine* to exclude any evidence of his alleged contributory negligence on grounds that any conduct by him in causing the vehicle to leave the road and strike the guardrail is not relevant to whether Ford's negligent design of the restraint system caused him to suffer injuries he would not have otherwise suffered. In his "crashworthiness" claim for the "enhanced injuries" suffered, Green seeks to exclude evidence at trial regarding his own alleged initial negligence resulting in the vehicle leaving the road and striking the guardrail. Ford asserts that Green's product liability lawsuit is subject to Indiana's statutory comparative fault principles, which require the jury to consider the fault of Green in causing or contributing to the physical harm he suffered. The District Court concluded that the question was not clearly answered by either legislation or case decision and that other jurisdictions have reached differing results. On Green's request, the District Court formulated and certified the issue for our consideration.

The "Crashworthiness Doctrine" was enunciated by the Eighth Circuit Court of Appeals in Larsen v. General Motors Corp., 391 F.2d 495, 502 (8th Cir. 1968). Larsen recognized that, in light of the statistical inevitability of collisions, a vehicle manufacturer must use reasonable care in designing a vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision. The court explained that "the manufacturer should be liable for that portion of the

2

damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design." *Id.* at 503. "The normal risk of driving must be accepted by the user but there is no need to further penalize the user by subjecting him to an unreasonable risk of injury due to negligence in design." *Id.* at 505.

In Miller v. Todd, 551 N.E.2d 1139 (Ind. 1990), this Court expressly recognized the theory of crashworthiness presented in Larsen, noting, "[T]he doctrine of crashworthiness merely expands the proximate cause requirement to include enhanced injuries." *Id.* at 1142. We reasoned that, because it is foreseeable that a vehicle may be involved in collisions, for purposes of product liability law, such occurrences are included in the concept of expected use of a vehicle. *Id.* Several decisions of the Indiana Court of Appeals have also agreed with the reasoning of Larsen. *See, e.g.*, Barnard v. Saturn Corp., a Div. of General Motors Corp., 790 N.E.2d 1023, 1032 (Ind. Ct. App. 2003), *trans. denied* (explaining that the doctrine "is merely a variation of the strict liability theory, extending a manufacturer's liability to situations in which the defect did not cause the accident or initial impact, but rather increased the severity of the injury"); Montgomery Ward & Co. v. Gregg, 554 N.E.2d 1145, 1154 (Ind. Ct. App. 1990), *trans. denied* (noting that a vehicle manufacturer may be strictly liable for injuries "when a design defect, though not the cause of the accident, causes or enhances injuries"); Jackson v. Warrum, 535 N.E.2d 1207, 1216 (Ind. Ct. App. 1989), *trans. not sought* (noting that enhanced injury claims are also referred to as second collision or crashworthiness claims, and recognizing as viable an enhanced injury product liability claim); Masterman v. Veldman's Equip., Inc., 530 N.E.2d 312, 315 (Ind. Ct. App. 1988), *trans. denied* (permitting product liability action "for their injuries specifically and additionally caused by the product even though that product did not contribute to causing the collision to occur").

As expressed in prior Indiana appellate decisions, claims for enhanced injuries based on alleged uncrashworthiness have been viewed as separate and distinct from the circumstances relating to the initial collision or event. The issue was the "second collision" involving a manufacturer's failure to exercise reasonable care in the design of a product to protect its users in light of the likelihood that the product could be involved in an accident. Thus, a claimant could

3

recover only for the enhanced injuries caused by the lack of reasonable care in designing a crashworthy product.  Jackson, 535 N.E.2d at 1219–20.  And the fact that the initial collision was not caused by the product's uncrashworthy design did not preclude such a claim for enhanced injuries.  Masterman, 530 N.E.2d at 315.  We acknowledge the logical appeal to extend this analysis so as to view any negligence of a claimant in causing the initial collision as therefore irrelevant to determining liability for the "second collision."  But two considerations lead to a contrary conclusion.

First, most of the early crashworthiness decisions arose under common law or statutory product liability law that imposed strict liability for which a plaintiff's contributory negligence was not available as a defense, making it irrelevant in those cases to consider a plaintiff's contributory negligence.  Second, and more important, product liability claims in Indiana are governed by the Indiana Product Liability Act, which, since 1995, has expressly required liability to be determined in accordance with the principles of comparative fault.  Ind. Code § 34-20-8-1.  We find the statutory language to be significant in resolving the question.

The appropriate considerations in determining comparative fault are primarily established by statute.  The statutory definition of "fault" provides:

> (a) "Fault", for purposes of [the Indiana Product Liability Act], means an act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others.  The term includes the following:
> (1) Unreasonable failure to avoid an injury or to mitigate damages.
> (2) A finding under IC 34-20-2 . . . that a person is subject to liability for physical harm caused by a product, notwithstanding the lack of negligence or willful, wanton, or reckless conduct by the manufacturer or seller.
> (b) "Fault", for purposes of [the Indiana Comparative Fault Act], includes any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of others.  The term also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages.

Ind. Code § 34-6-2-45.  In evaluating and allocating comparative fault, a jury may also consider "the relative degree of causation attributable among the responsible actors."  Paragon Family Restaurant v. Bartolini, 799 N.E.2d 1048, 1056 (Ind. 2003).  Our statutory scheme thus allows a

4

diverse array of factors to be considered in the allocation of comparative fault. "The process by which a jury analyzes the evidence, reconciles the views of its members, and reaches a unanimous decision is inherently subjective and is entitled to maximum deference. The Comparative Fault Act entrusts the allocation of fault to the sound judgment of the fact-finder." *Id.*

In both the Product Liability Act and the Comparative Fault Act, the legislature employed expansive language to describe the breadth of causative conduct that may be considered in determining and allocating fault. Both enactments require consideration of the fault of all persons "who caused or contributed to cause" the harm. Ind. Code §§ 34-20-8-1(a), 34-51-2-7(b)(1), 34-51-2-8(b)(1). We note that in prescribing the scope of such initial consideration, the legislature employed the phrase "caused or contributed to cause" instead of "proximately caused." The Comparative Fault Act, however, further specifies that, in comparative fault actions, the "legal requirements of causal relation apply." Ind. Code § 34-51-2-3. This requirement of proximate cause to establish liability was preserved in the Indiana comparative fault scheme. Control Techniques, Inc. v. Johnson, 762 N.E.2d 104, 109 (Ind. 2002).

The legislature has thus directed that a broad range of potentially causative conduct initially may be considered by the fact-finder but that the jury may allocate comparative fault only to those actors whose fault was a proximate cause of the claimed injury. As explained in Control Techniques, "the jury is first required to decide whether an actor's negligence was a proximate cause of the plaintiff's injury." *Id.* "Whether or not proximate cause exists is primarily a question of foreseeability." *Id.* at 108. The fact-finder must evaluate whether the injury "is a natural and probable consequence, which in the light of the circumstances, should have been foreseen or anticipated." *Id.* (quoting Bader v. Johnson, 732 N.E.2d 1212, 1218 (Ind. 2000)). Fault may not be imposed "on an original negligent actor who sets into motion a chain of events if the ultimate injury was not reasonably foreseeable as the natural and probable consequence of the act or omission." *Id.* The determination and allocation of each party's proportionate fault "is a question for the trier of fact, except where there is no dispute in the evidence and the fact finder could come to only one conclusion." Walters v. Dean, 497 N.E.2d 247, 254 (Ind. Ct. App. 1986) (internal citations omitted), *trans. not sought*.

5

We conclude that, in a crashworthiness case alleging enhanced injuries under the Indiana Product Liability Act, it is the function of the fact-finder to consider and evaluate the conduct of all relevant actors who are alleged to have caused or contributed to cause the harm for which the plaintiff seeks damages. An assertion that a plaintiff is limiting his claim to "enhanced injuries" caused by only the "second collision" does not preclude the fact-finder from considering evidence of all relevant conduct of the plaintiff reasonably alleged to have contributed to cause the injuries. From that evidence, the jury must then, following argument of counsel and proper instructions from the court, determine whether such conduct satisfies the requirement of proximate cause.[1] The fact-finder may allocate as comparative fault only such fault that it finds to have been a proximate cause of the claimed injuries. And if the fault of more than one actor is found to have been a proximate cause of the claimed injuries, the fact-finder, in its allocation of comparative fault, may consider the relative degree of proximate causation attributable to each of the responsible actors. Thus, while a jury in a crashworthiness case may receive evidence of the plaintiff's conduct alleged to have contributed to cause the claimed injuries, the issue of whether such conduct constitutes proximate cause of the injuries for which damages are sought is a matter for the jury to determine in its evaluation of comparative fault.

As presented, the certified question asks whether the fact-finder shall apportion fault to the person suffering physical harm when the alleged fault of the injured person "relates to" the "underlying accident." As explained above, the fact-finder shall apportion fault to the injured person only if the fact-finder concludes that the fault of the injured person is a *proximate cause of* (not merely "relates to") the injuries *for which damages are sought* (not merely the "underlying accident"). Otherwise, any alleged fault of the injured person is not fault for the purposes of the Product Liability or Comparative Fault Acts and shall not be apportioned. With these qualifications, we revise and restate the certified question as follows:

Whether, in a crashworthiness case alleging enhanced injuries under the Indiana Products

---

[1] The new Indiana Model Civil Jury Instructions, which seek to provide guidance to juries using "plain English," recommends the avoidance of the term "proximate cause" by including the concept as part of the term "responsible cause" defined as follows: "A person's conduct is legally responsible for causing [an injury][property damage][death] if: (1) the [injury][property damage][death] would not have occurred without the conduct, and (2) the [injury][property damage][death] was a natural, probable, and foreseeable result of the conduct. This is called a 'responsible cause.'" Instruction 301, Indiana Model Civil Jury Instructions (2010 Edition), prepared under the auspices of the Indiana Judges Association.

Liability Act, the finder of fact shall apportion fault to the person suffering physical harm when that alleged fault ~~relates to the~~ <u>is a proximate</u> cause of the ~~underlying accident~~ <u>harm for which damages are being sought</u>.

We answer this question in the affirmative.

Shepard, C.J., and Sullivan, Rucker, and David, JJ., concur.