Vaidik, Chief Judge,
concurring in result.
The trial court erred in finding as a matter of law that Pfafman proximately caused Craig’s injuries. Therefore, I concur in the result and would reinstate the jury’s verdict. But, I respectfully disagree with the majority that a jury is allowed to find an actor proximately caused an injury, yet decline to allocate a percentage of fault to that actor.
Proximate cause is a question of foreseeability, a question that must be answered by the fact-finder — in this case, the jury not the court. “A negligent act is said to be the proximate cause of an injury ‘if the injury is a natural and probable consequence, which in the light of the circumstances, should have been foreseen or anticipated.’ ” Paragon Family Rest. v. Barbolini, 799. N.E.2d 1048, 1054 (Ind. 2003) (quoting Bader v. Johnson, 732 N.E.2d 1212, 1218 (Ind. 2000)). “Proximate cause requires, at a minimum, that the harm would not have occurred but for the defendant’s conduct.” Bader, 732 N.E.2d at 1218. Even then, however, “liability may *1165 not be imposed on an original negligent actor who set into motion a chain of events if the ultimate injury was not reasonably foreseeable as the natural and probable consequences of the act or omission.” Control Techniques, Inc. v. Johnson, 762 N.E.2d 104, 108 (Ind. 2002). “A subsequent act is superseding when the harm resulting from the original negligent act could not have reasonably been foreseen by the original negligent actor.” Id. at 107. Whether the ultimate injury is reasonably foreseeable “such that liability may be imposed on the original [actor]” is a matter for the jury to consider in allocating fault. Id.
There was plenty of evidence for the jury to find that the acts of Diehm and Farm Innovators were superseding, cutting off Pfafman from liability. In particular: (1) Diehm did not install GFCI protection for the de-icers despite warnings from Pfafman and the instruction manual that accompanied the deicers; (2) Diehm ignored the instruction manual and did not have an electrician install the de-icers; (3) Diehm miswired the de-icer that short circuited; (4) Diehm ignored the instruction manual and kept the de-icers plugged in during the summer months; and (5) the deicer that short circuited had a manufacturing defect when it left Farm Innovators’ facility. Based on this evidence, the jury could find that these subsequent acts were superseding — that Pfafman’s actions did not proximately cause Craig’s injuries. Put differently, given these circumstances, the issue of proximate cause and foreseeability of injury was the jury’s call. On this basis alone, I would reverse the trial court and reinstate the jury’s verdict.
I disagree with the majority when it says that even assuming there were no intervening causes to cut off Pfafman’s liability, the jury was entitled to allocate 0% fault to Pfafman and 100% to the non-parties. See op. at 1164,- In other words, the majority concludes that even if the jury found that Pfafman was a proximate cause of Craig’s injury, it was permitted to allocate no fault to him. The majority reaches its conclusion based on our Supreme Court’s holding in Green. The Court said in Green that “the jury may allocate comparative fault only to those actors whose fault was a proximate cause of the claimed injury.” 942 N.E.2d at 795 (emphases added). Thus, liability cannot be allocated to those who do not proximately cause an injury. This does not mean that after the jury has determined which actors have proximately caused the injury, it can then decide which of those responsible actors it wants to allocate fault.
Instead, Green stands for the proposition that a percentage of fault is allocated to all actors whose conduct proximately caused the injury.[18] When multiple actors are alleged to have proximately caused the plaintiffs injuries, the fact-finder must apply a two-step analysis to determine and allocate fault. This process is outlined in Green: “And if the fault of more than one actor is found to have been a proximate cause of the claimed injuries, the fact-finder, in its allocation of comparative fault, may consider the relative degree of proximate causation attributable to each of the responsible actors.” Id. at 796 (emphasis added). In other words, the jury *1166 first has to determine what actors proximately caused an injury. Then step two requires the jury to allocate fault among all at-fault actors. The total percentage of fault must equal 100%. See Shand Mining, Inc. v. Clay Cty. Bd. of Comm’rs, 671 N.E.2d 477, 479 (Ind. Ct. App. 1996) (“Under the CFA, a jury is charged with allocating 100 percent of the fault among all culpable parties and non-parties.”), reh’g denied, trans. denied, see also Kmart Corp. v. Englebright, 719 N.E.2d 1249, 1260 (Ind. Ct. App. 1999) (“Under the Act, the total fault for an accident is apportioned between the plaintiff, defendant, and any other negligent person who is properly named as a nonparty.”), trans. denied. Thus, once an actor is determined in step one to be a proximate cause of an injury, the jury must allocate a percentage of fault — even nominally so — to that actor.
In reaching a contrary conclusion, the majority relies in part on the portion of Indiana Code section 34 — 51—2—7(b)(1) that permits a jury to allocate less than 100% to the parties if it finds that “fault contributing to cause the claimant’s loss has also come from a nonparty or nonparties.” See op. at 1163. But I fail to see how this provision supports the majority’s holding that a jury can find that a party’s conduct was a proximate cause of the injury yet decline to allocate any of the fault to that party. In other words, the fact that a jury can allocate less than 100% of the fault to an at-fault party in no way leads to the conclusion that the jury can simply choose to allocate 0% of the fault to that party. Nothing in Section 34 — 51—2—7(b)(1) allows a jury to free a responsible party — one who was a proximate cause of an injury— from liability for damages because of the “degree” of his causation in relation to other responsible parties.
The majority’s approach raises a number of difficult questions. Could a verdict ever be against the weight of the evidence where, as here, the plaintiff bears no fault but there are multiple at-fault actors? And if it could, how much relative causation of an actor is necessary to absolve another responsible actor from liability? Can an actor who is a proximate cause of an injury be relieved of a fault allocation when he is 10% at fault? 20%? 80%? What percentage of fault is forgivable among responsible actors?
One of the main purposes of the Act is to hold a negligent actor accountable for his percentage of fault. “[T]he Act did not change the standard for imposing liability. ... [Liability is to be apportioned among persons whose fault caused or contributed to causing the loss in proportion to their percentages of ‘fault’ as found by the jury.” Control Techniques, 762 N.E.2d at 109 (citing Ind. Code § 34-51-2-8; Cahoon v. Cummings, 734 N.E.2d 535, 541 (Ind. 2000)).
Accordingly, I disagree with the majority that if Pfafman was a proximate cause of the injury to Craig, he may be relieved of liability “based upon the relative degree of causation attributable” to Diehm and Farm Innovators. However, I do believe that the evidence supports the jury’s verdict. As such, I concur in result only.

. I agree with the majority that in some cases determining fault under the Comparative Fault Act requires more than a proximate-cause inquiry. In particular, fault also includes "assumption of risk" by a plaintiff, “incurred risk” by a plaintiff, and a plaintiff's "failure to avoid an injury or to mitigate damages” before the accident or initial injury. Ind. Code § 34-6-2-45; see Kocher v. Getz, 824 N.E.2d 671, 674 (Ind. 2005). Since none of these circumstances of fault occurred here and there is no issue of duty, breach of duty, or damagés, fault is synonymous with proximate cause in this case.